Green J.
delivered the opinion of the court.
The act of 1799, ch. 14, sec. 1, provides, that the sheriff who may levy an execution on lands when the defendant is not in possession thereof, shall advertise the same in some newspaper in the State, at least three different times, describing particularly the lands and tenements levied on, and mention the name of the plaintiff and defendant, and the time and place appointed for the sale thereof. The second section declares, “tharevery sale of land under execution, made contrary to the provisions of this act, shall be null and void to all intents and purposes.”
It was decided by this court, upon another provision of the statute, which directs the sheriff to give the owner, if in possession of the premises, twenty days notice of the sale, that a failure to comply with that provision of the act, on part of the sheriff, was fatal to the title of the purchaser, and that such sale was utterly void. Trott *431 and M’Broom vs. M’Gavockand Gordou’s lessee, 1 Yer. 469. 11ns decision has been followed by the court ever since, and several cases have been determined in accordance with it. Rogers vs. Jennings’ lessee, 3 Yer. 308. In the case now before the court, therefore, there is no question but that the sale is utterly void, and passed to the purchaser no title whatever, if the land was not advertised as required in the^act.' But the circuit court, it seems, without controverting this proposition, was of opinion that the sheriff’s return was conclusive, and that no evidence could be heard to prove the failure to advertise in contradiction to the sheriff’s recital in the deed. This opinión was founded on a principle of law, that, as a general rule, it is incontrovertibly settled, that parol evidence is not admissible to contradict a deed. But the legislature have aright, by statute, to make an exception to this, or any other rule of the common law; and if they have done so, either by direct enactment,, or by a provision which would otherwise be inoperative and ineffectual, it is the duty of the court to carry into effect such statute, in disregard to the common law principle, that may be prostrated thereby. If the evidence which was rejected in this case cannot be leT gaily heard, by what means, it may be asked, can a party avail himself of the benefit of the act. The act was intended to guard the freehold, and to protect the owner of the land from having it taken away without his knowledge, and without giving him an opportunity of either discharging the execution by the payment of the money, or of laying off the tract in lots, so that no more should be sold than a sufficiency to pay the debt. But if it be determined that a sheriff may exclude all evidence upon the subject, by reciting in the deed that the notices were given according to law, he may at pleasure defeat the object of the legislature, and take from a party his land without his knowledge, and without competition among bidders. It is no answer to say, that the sheriff would *432 be liable in an action for damages for such gross neglect of duty. That tedious and expensive remedy is not the one contemplated by the legislature. It has said the sale shall be void. The purchaser must take care as to what he buys, and must, at his peril, know that the sheriff has done his duty, and that the sale will be valid.
It is manifest, therefore, that in carrying into effect the intention of the legislature, it is indispensable that proof of a failure on part of the sheriff to advertise the land as required by the act, must be received, notwithstanding the recitals in the deed may be contradicted thereby. In rejecting this proof, we think the circuit judge erred; for which the judgment must be reversed, and the cause remanded for another trial.
Judgment reversed.